JS-6

FILED
CLERK, U.S. DISTRICT COURT

1/15/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:_____CW_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MELANIE WALTHER AND EVELYN GARCIA,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC., and DOES 1–50,<br><br>                    Defendant. | Case No.: SACV 20-02137-CJC(JDEx)<br><br><br><br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 14] |

## I.  INTRODUCTION

Plaintiffs Melanie Walther and Evelyn Garcia, on behalf of themselves and all similarly situated individuals, bring this putative class action against Defendant Brookdale Senior Living Communities and unnamed Does.  (Dkt. 1-5 at 9 [Complaint, hereinafter "Compl."].)  Plaintiffs, who worked at a senior living community, allege that

they were employed by Defendant from 2016 to 2017.  (*Id.* ¶ 2.)  However, Plaintiffs were actually employed by Defendant's sister company, BKD Twenty-One Management Company, Inc. ("BKD Management").  (Dkt. 1 [Notice of Removal, hereinafter "NOR"] at 3 n.1.; Dkt. 25-1 [Declaration of Joanne Leskowicz, hereinafter "Leskowicz Decl."] ¶¶ 3–4.)  Defendant asserts that since 2014, it has neither employed individuals in California nor conducted any operations within the state.  (*Id.* ¶ 4.)

Plaintiffs initially filed their claims in Orange County Superior Court, alleging the following violations of the California Labor Code: (1) failure to pay all rest break wages, (2) failure to pay all meal break wages, (3) failure to pay all overtime wages, (4) failure to pay minimum wage, (5) failure to maintain accurate payroll records, (6) failure to pay all wages upon termination of employment, and (7) failure to pay for sick days.  (Compl.)  On November 4, 2020, Defendant removed the case to this Court, asserting jurisdiction under the Class Action Fairness Act ("CAFA").  Now before the Court is Plaintiffs' motion to remand.  (Dkt. 14. [hereinafter "Mot."].)  For the following reasons, Plaintiffs' motion is **GRANTED**.[1]

## II.  LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441.  "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'"  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).  "Congress designed the terms of CAFA

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 25, 2020, at 1:30 p.m. is hereby vacated and off calendar.

1    specifically to permit a defendant to remove certain class or mass actions into federal

2    court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs.,*

3    *Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "[N]o antiremoval presumption attends cases

4    invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions

5    in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

6    (2014).

7

8    **III.  DISCUSSION**

9

10        The Court lacks jurisdiction over Plaintiffs' claims because Defendant has failed to

11    show that Plaintiffs' claims satisfy CAFA's $5,000,000 amount-in-controversy

12    requirement.  When a defendant removes a case to federal court, "the defendant's

13    amount-in-controversy allegation should be accepted when not contested by the plaintiff

14    or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

15    U.S. 81, 87 (2014).  But where "the plaintiff contests, or the court questions, the

16    defendant's allegation" and "both sides submit proof," the defendant must prove the

17    amount in controversy by a preponderance of the evidence.  *Id.*; *Salter v. Quality*

18    *Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (When a party "contests the truth of the

19    plaintiff's factual allegations, usually by introducing evidence outside the pleadings . . .

20    the responding party must support her jurisdictional allegations with 'competent proof'

21    . . . under the same evidentiary standard that governs in the summary judgment

22    context.").

23

24        Defendant asserts that Plaintiffs were not employed by Defendant, but rather by

25    Defendant's sister company, BKD Management, which is not a named defendant in this

26    case.  (NOR at 3 n.1; Leskowicz Decl. ¶¶ 3–4.)  Consequently, Plaintiffs argue that

27    CAFA's amount-in-controversy requirement is not met because Defendant cannot be held

28    liable for Plaintiffs' claims.  In response, Defendant contends that Plaintiffs' claims

1  satisfy CAFA's amount-in-controversy requirement based on harms suffered by

2  employees who were employed by BKD Management.  Because Defendant has presented

3  no evidence that it could be held liable for Plaintiffs' claims, the Court concludes that

4  Plaintiffs' claims fail to meet CAFA's amount-in-controversy requirement.

5

6  Even though Defendant is not Plaintiffs' actual employer, Defendant could still be

7  liable for Plaintiffs' California Labor Code claims if an employment relationship existed

8  between Plaintiffs and Defendant.  *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228,

9  1232 (N.D. Cal. 2015) (citing *Martinez v. Combs*, 49 Cal. 4th 35, 64–68 (2010).  But

10  Defendant has failed to show that its amount-in-controversy calculations are based on

11  harms suffered by persons with whom it had an employment relationship.  For an

12  employment relationship to exist where a defendant was not the plaintiff's actual

13  employer, the defendant must have "(1) [] exercise[d] control over [the plaintiff's] wages,

14  hours or working conditions," (2) [] suffer[ed] or permit[ted] [the plaintiff] to work, or

15  (3) engage[d] [the plaintiff], thereby creating a common law employment relationship."

16  *Id.*

17

18  Here, Defendant asserts that CAFA's amount-in-controversy requirement is met

19  based on the number of hourly employees employed by BKD Management.  (Dkt. 1-9

20  [Declaration of Brenda O'Keefe, hereinafter "O'Keefe Decl."] ¶¶ 3–7.)   But Defendant

21  provides no evidence that it had developed an employment relationship with these

22  employees.  (*Id.*; Dkt. 19 [Opposition] at 9–11.)  Instead, Defendant asserts that it has not

23  "conducted any operations in the state of California since [January 1, 2014]"—over two

24  years before Plaintiffs allege that they were employed by Defendant.  (Leskowicz Decl. ¶

25  4.)  Accordingly, Defendant has failed to show by a preponderance of the evidence that it

26  could be held liable for Plaintiffs' claims.  Plaintiffs' claims therefore fail to meet

27  CAFA's amount-in-controversy requirement.  *See Natividad Ausencio v. LVI Servs., Inc.*,

28  2015 WL 2330081, at *3 (C.D. Cal. Jan. 15, 2015) (finding the amount-in-controversy

1   requirement was not satisfied when "the Complaint, Notice of Removal, and the evidence

2   in support of the Notice of Removal do not allege, or provide any basis for treating the

3   employees of [Defendants' subsidiaries] as Defendants' employees for purposes of

4   determining the amount in controversy").

5

6   **IV.  CONCLUSION**

7

8       For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**.

9

10      DATED: January 15, 2021

11

12      _____

13                  HON. CORMAC J. CARNEY

14              UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28